CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CALEB BLANKENSHIP,                )
                                  )
    Plaintiff,                    )    Case No. 7:26-cv-00233
                                  )
v.                                )    **MEMORANDUM OPINION**
                                  )
TRACY, *et al.*,                  )    By:    Hon. Thomas T. Cullen
                                  )            United States District Judge
    Defendants.                   )

Plaintiff Caleb Blankenship, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Tracy, Connie, Charles Hulburt, and Christy Long.[1] (*See* Am. Compl. [ECF No. 6].) Plaintiff alleges that, while incarcerated, Defendant failed to accommodate his dietary restrictions. (*See id.*) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, this action will be dismissed without prejudice.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required

---

[1] Plaintiff initially sued Defendants Food Services Duffield Jail and Wexford Health Duffield Jail. (*See* ECF No. 1.) Upon screening of the complaint pursuant to 28 U.S.C. § 1915A, the court determined that Plaintiff had failed to state a claim upon which relief can be granted as to these Defendants and ordered Plaintiff to submit an amended complaint within 30 days. (*See* ECF No. 5.) Plaintiff's amended complaint—which is his operative pleading—was docketed on June 5, 2026. (*See* ECF No. 6.)

even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25. Although "failure-to-exhaust is [ordinarily] an affirmative defense that the defendants must raise, . . . [a] court may sua sponte dismiss a complaint when the alleged facts [therein], taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (internal citation omitted).

This is one of the "rare case[s]" in which early dismissal is warranted based upon Plaintiff's admitted failure on the face of his amended complaint to exhaust available administrative remedies prior to filing suit. *Anderson*, 407 F.3d at 682. On his complaint form, Plaintiff checked the "No" box in response to the question, "Is the grievance process complete (meaning all levels and appeals are concluded)?" (Am. Compl. at 7.) Plaintiff also stated that "[n]o grievance was filed" because he "told" medical professionals at his current facility about his dietary restrictions but "they have not placed[] orders to comply" with those restrictions. (*Id.*) Claimed futility is not, however, an exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Rather, an inmate must exhaust all administrative remedies that are available. *Id.* Because Plaintiff admits in his amended complaint that he failed

- 3 -

to exhaust administrative remedies, early dismissal is appropriate. *See Anderson*, 407 F.3d at 682.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 29th day of July, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE